United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41606
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BONIFACIO FELIX-SALAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1357-ALL
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Bonifacio Felix-Salas (Felix) appeals his guilty-plea conviction and 30-month sentence for being found in the United States following deportation. Felix argues that 8 U.S.C. § 1326(b) is unconstitutional because it treats prior felony and aggravated felony convictions as sentencing factors. Felix's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Felix contends that Almendarez-Torres was incorrectly decided and that a majority of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Felix properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Felix also contends that the district court erred in sentencing him pursuant to the mandatory guidelines regime held unconstitutional in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 764-65 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 464 (5th Cir. 2005).

**CONVICTION AFFIRMED; VACATED AND REMANDED FOR RESENTENCING.**